551 So.2d 599 (1989)
COMMONWEALTH MORTGAGE CORPORATION OF AMERICA, L.P., F/K/a Commonwealth Mortgage Corporation, Appellant,
v.
Steven H. FRANKHOUSE, Unmarried, Appellee.
No. 88-2567.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
Elizabeth M. Doxey of Papy, Weissenborn & Papy, Coral Gables, for appellant.
No appearance for appellee.
PER CURIAM.
This is an appeal from a post-judgment order in mortgage foreclosure proceedings. Payment of the indebtedness secured by the mortgage in question was guaranteed by the Veteran's Administration (V.A.). In order to gain the benefit of the guarantee, the mortgagee, Commonwealth Mortgage Corporation, was required to obtain and strictly follow bidding instructions which were normally forwarded to the mortgagee by the V.A. upon being apprised of the date of the judicial sale. By reason of short notice the mortgagee was unable timely to obtain bidding instructions and therefore sought postponement of the sale. The motion seeking this continuance was denied. As a result, the mortgagee suffered a loss of approximately $30,000.00 when the V.A. refused to honor its guarantee because the bidding was not conducted pursuant to its specific instructions.
The issue is whether denial of the motion to postpone the judicial sale constitutes an abuse of discretion. We are advised that denial was predicated upon the fact that the V.A. constantly failed to submit bidding instructions timely, that it was unfair to the public to cancel a judicial sale without prior notice and that it was against court policy to reset judicial sales.
Reacting to these reasons in reverse order: most would agree that court policy must be sufficiently flexible to meet the exigencies of particular circumstances and should bend to avoid inequities; as regards the public interest, since the only bid received was one for $100.00 tendered by the mortgagee it would seem that the public did not have a very large stake in the mortgage sale in question; and, finally, while it might have been appropriate to sanction the V.A. for procrastination, the real life result is that the V.A. avoids a loss which therefore falls heavily upon the non-negligent mortgagee. Thus, while we sympathize with the trial court's frustration, we feel that the lash fell on the wrong *600 shoulders here and we accordingly reverse and remand with instructions that another judicial sale be scheduled.
REVERSED AND REMANDED.
HERSEY, C.J., and GUNTHER and POLEN, JJ., concur.